**Wilmer "Knute" KNUDSEN and Mary Knudsen, Plaintiffs–Appellants,**

v.

**Ed ANDREASEN, Jean Andreasen, Calvin L. Jacobsen, George Kintner, and Frank "Rusty" Wirth, Defendants–Appellees.**

No. 89–760.

Court of Appeals of Iowa.

Aug. 30, 1990.

Robert Kohorst of the Kohorst Law Firm, Harlan, for plaintiffs-appellants.

J.C. Salvo and Richard C. Schenck of Salvo, Deren, Schenck & Lauterbach, P.C., Harlan, for defendants-appellees.

Considered by DONIELSON, P.J., and SCHLEGEL and SACKETT, JJ.

SCHLEGEL, Judge.

Plaintiff Wilmer "Knute" Knudsen was employed by Harlan Manufacturing Company (HMC) in 1965 as a salesman. Defendant Ed Andreasen was the majority shareholder in the corporation and he made most of the decisions. Knudsen was born in 1917 and he suffers from various physical ailments. In 1979, Knudsen informed Andreasen that he was considering retirement. The company had no regular pension plan, but had previously compensated two employees for limited employment at $250 per month and one-half of their health and life insurance costs. Knudsen was also offered limited employment status at the same rate of compensation. He retired on May 1, 1980. Knudsen received $250 per month until December 1986, when HMC dissolved as a corporation.

Knudsen and his wife brought this suit, alleging Andreasen had promised them that Knudsen would receive $250 per month for the rest of his life, and that he had retired based on this promise. The district court determined that neither HMC nor Andreasen made such a promise. The court also found that Knudsen did not rely on any statements made by Andreasen when he decided to retire. The court dismissed plaintiffs' claims.

Knudsen now appeals. The first issue in this case is whether review should be de novo or on error. Knudsen first filed his petition at law, but later amended it to a petition in equity. He asserted claims based on contractual law and promissory estoppel. The district court did not specifically state whether it was ruling in law or equity.

Knudsen contends that the court erred in its findings of fact. The court found that Andreasen was more credible than Knudsen because Knudsen seemed confused about some dates. Knudsen states that this was only a minor discrepancy, and that Andreasen was also unable to remember specific dates. He also contends that there was sufficient evidence in the record to show Andreasen's promise to him. Andreasen admitted promising to pay Knudsen for at least the life of the corporation.

Under Iowa Code section 496A.89(3), a corporation must provide for all debts and obligations before it may be dissolved. Knudsen argues that HMC violated this provision by not providing for its obligation to him before it dissolved.

Knudsen also asserts that he established a claim of promissory estoppel. He believes clearly that Andreasen promised to continue to pay him. Knudsen states that he acted to his detriment by retiring when he did, based on the company's promise.

■ Initially, we consider the proper scope of review. The essential character of a cause of action and the relief it seeks, as shown by the complaint, determine whether an action is at law or equity. *Mosebach v. Blythe*, 282 N.W.2d 755, 758 (Iowa App. 1979). Where the primary right of the plaintiff arises from nonperformance of a contract, where the remedy is money, and where the damages are full and certain, remedies are usually provided at law. *Id.* The present action was the result of an alleged contract between Knudsen and his employer. If such a contract was found, the damages would be reasonably certain. In addition, the action appeared to be tried at law. Our scope of review is on assigned error only. Iowa R.App.P. 4. Findings of fact in a law action are binding upon the appellate court if supported by substantial evidence. Iowa R.App.P. 14(f)(1).

■ Knudsen raises three separate issues on this appeal. All three of those issues succeed or fail based on whether there was substantial evidence to support the trial court's findings of fact. The most significant fact in this case was the trial court's finding that Andreasen was more credible than Knudsen. Even under de novo review we give the trial judge leeway to determine credibility issues. Iowa R.App.P. 14(f)(7). There was clearly substantial evidence to support the trial court's findings on the credibility issue. The trial court points to several errors in the memory of Knudsen. Andreasen also made

some errors, but the trial court found those errors to be insignificant and we will not disturb its ruling on appeal.

Based on its credibility finding, the trial court found that Andreasen had made no promise to Knudsen to extend payments to Knudsen beyond the life of the company. Therefore, Andreasen is not liable under either Iowa corporation law or the theories of promissory estoppel and detrimental reliance.

All three of the above theories of recovery require some type of obligation or promise to be actionable. Iowa Code section 496A.89(3) states that "all debts, obligations and liabilities of the corporation" must be paid or discharged before dissolution is allowed. Harlan Manufacturing Corporation cannot be liable under Iowa corporation law because no promise was made and, therefore, no obligation existed after corporate dissolution.

Likewise, there is no action available under promissory estoppel or detrimental reliance. There was no promise made that Andreasen should be estopped from denying, and also no promise that Knudsen could have relied upon to expect payments beyond the life of the corporation. We affirm the trial court.

AFFIRMED.